UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| IVANNOE MORINGLANE, | ) | No. ED CV 05-337-PJW |
| Plaintiff, | ) ) ) | MEMORANDUM OPINION AND ORDER |
| v. | ) ) | |
| JO ANNE B. BARNHART, Commissioner of the Social Security Administration, | ) ) ) ) | |
| Defendant. | ) ) | |

I.

INTRODUCTION

Plaintiff brings this action pursuant to 42 U.S.C. § 405(g), seeking reversal of the decision by Defendant Social Security Administration ("the Agency") denying him benefits. Alternatively, he asks the Court to remand the case to the Agency for further proceedings. After reviewing the record and for the reasons discussed below, the decision of the Agency is AFFIRMED, and this action is dismissed with prejudice.

## II.

## SUMMARY OF FACTS AND PROCEEDINGS

Plaintiff was, at the time of the hearing, 35 years old. He has a ninth-grade education and past relevant work as a warehouseman and hospital driver. (Administrative Record ("AR") 17, 71, 80.)

Plaintiff protectively filed applications for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") on February 22, 2001, alleging inability to work since November 28, 2000 (AR 58, 59-61, 298-300), due to diabetes, leg and foot pain, chest pains, headaches, dizziness, and loss of balance (AR 70). Following denials of his claims at the initial and reconsideration levels, he requested a hearing before an Administrative Law Judge ("ALJ"), which request was granted. (AR 46-48, 312-28.) Following the hearing, the ALJ issued a decision denying benefits.

At step one, he found that Plaintiff had not engaged in any substantial gainful activity since the alleged onset of disability. (AR 22.) At step two, he found that Plaintiff suffered from the severe impairments of diabetes, anxiety, and depression. (AR 19.) At step three, he found that none of these impairments alone or in combination met or equaled a Listed impairment. (AR 22.)

At step four, he determined that Plaintiff had the residual functional capacity to perform only a limited range of light work activity. The ALJ concluded that, as a result, Plaintiff could not perform any of his past relevant work. At step five, however, the ALJ determined that Plaintiff was able to perform a significant number of jobs in the national economy. (AR 22-23.) Accordingly, the ALJ concluded that Plaintiff was not under a "disability" as defined in

the Social Security Act at any time through the date of his decision. (AR 23.)

### III.
### ANALYSIS

Plaintiff contends that the ALJ failed to 1) give proper weight to the treating psychiatrist's and treating psychologist's opinions of disability, and 2) pose a complete hypothetical question to the vocational expert.  For the following reasons, the Court disagrees.

A.   Standard of Review

"Disability" under the applicable statute is defined as the inability to perform any substantial gainful activity because of "any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months."  42 U.S.C. § 416(i)(1), 1372(a)(3)(A).  The Court may overturn the ALJ's decision that a claimant is not disabled only if the decision is not supported by substantial evidence or is based on legal error.  *See Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989).

Substantial evidence "'means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson v. Perales*, 402 U.S. 389, 401 (1971)(quoting *Consol. Edison Co. V. NLRB*, 305 U.S. 197, 229 (1938)).  It is more than a scintilla but less than a preponderance, *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1998), and "does not mean a large or considerable amount of evidence," *Pierce v. Underwood*, 487 U.S. 552, 565 (1988).

"The Court must uphold the ALJ's conclusion even if the evidence in the record is susceptible to more than one rational interpretation."  *Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595,

599 (9th Cir. 1999).  Indeed, if the record evidence can reasonably support either affirming or reversing the Agency's decision, the Court must not substitute its judgment for that of the ALJ.  *See Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999).  If the ALJ committed error but the error was harmless, reversal is not required.  *See Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1197 (9th Cir. 2004)(applying the harmless error standard).

B.   <u>The Treating Source Opinions</u>

Plaintiff filed his application for benefits in February 2001, alleging disability as of November 28, 2000, due to diabetes and pain. (AR 70.)  In April 2001, his application was denied initially, and, in August 2001, it was denied on reconsideration.  (AR 35-38, 41-45.) Three months later, Plaintiff reported to a San Bernardino County Mental Health Clinic, complaining that he was feeling bad and was experiencing anxiety attacks.  (AR 250-54.)  Plaintiff was initially seen by psychologist Elizabeth Tamoush.  (AR 254.)  Dr. Tamoush interviewed Plaintiff, and, using an intake form, recorded what Plaintiff told her his symptoms were.  (AR 250-54.)  Based on Plaintiff's reporting, Dr. Tamoush checked a box on the intake form indicating that Plaintiff's dysfunction rating was "severe."  (AR 254.)  Thereafter, Plaintiff was seen by Dr. Tamoush and, it appears, several psychiatrists during regular appointments at the clinic over the next several months.  (AR 237-49.)

Plaintiff contends that Dr. Tamoush's check on the box indicating Plaintiff's dysfunction rating was severe on the first day she saw him amounted to a treating physician's opinion of disability.  He contends that the ALJ failed to provide specific and legitimate reasons for

disregarding the opinion. (Joint Stipulation at 4, 7.) For the following reasons, this contention is rejected.

The opinion of a treating physician is generally entitled to more weight than the opinions of non-treating physicians. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996). This is because the treating physician is hired to heal the claimant and, further, because the treating physician sees the patient over the course of the treatment period, he or she is in a better position to know the claimant's condition. This is not to say, however, that the opinion of the treating physician is "necessarily conclusive as to either a physical condition or the ultimate issue of disability." *Magallanes*, 881 F.2d at 751 (citing *Rodriguez v. Bowen*, 876 F.2d 759, 761-62 & n.7 (9th Cir. 1989)). But, if an ALJ chooses to reject the controverted opinion of a treating physician, he must provide specific and legitimate reasons for doing so. Further, if the treating physician's opinion is not contradicted, the reasons must be clear and convincing. *Lester*, 81 F.3d at 830-31.

Plaintiff claims that his treating psychologist opined that he was disabled and that the ALJ ignored that opinion. This claim has no basis in fact. Dr. Tamoush's checking of a box marked "severe" to indicate her opinion of Plaintiff's "dysfunction rating" did not amount to an opinion of disability. It was, instead, Dr. Tamoush's instantaneous evaluation a short time after meeting Plaintiff based on Plaintiff's subjective claims. To characterize it as an opinion of disability is incorrect. In the same report, Dr. Tamoush listed Plaintiff as "unemployed," not "disabled," as she could have done. (AR 252.) This is consistent with Plaintiff's testimony. Although he complained of panic attacks, mood swings, and problems with

concentration, *inter alia*, he also testified that, were it not for the pain in his legs, back, hands, and shoulders, he would be able to work. (AR 314.)

In addition to Dr. Tamoush's "opinion" being less persuasive because of the newness of the relationship with Plaintiff, the Court also notes that Plaintiff only went to see her after his claim was denied initially and on reconsideration by the Agency. *Weetman v. Sullivan*, 877 F.2d 20, 23 (9th Cir. 1989)(discounting treating physician's opinion where claimant went to see him only after his application was denied by ALJ). Further, the ALJ found that Plaintiff was not credible. Plaintiff does not challenge this finding, therefore, it is the law of this case. Clearly, Dr. Tamoush's evaluation of Plaintiff based on Plaintiff's recitation of complaints is even less compelling, given the fact that Plaintiff is not credible. *See Morgan*, 169 F.3d at 602. The Court notes, for example, that Plaintiff told Dr. Tamoush at that first meeting that he had trouble remembering things and focusing. (AR 253.) But Plaintiff's nephew, who submitted a questionnaire to the Agency on Plaintiff's behalf, reported that Plaintiff had no problems concentrating or remembering. (AR 98.)

Most importantly, however, is the fact that, even accepting Dr. Tamoush's November 9, 2001 notation as an "opinion of disability," the chart notes from the clinic reflecting Plaintiff's follow-up treatment clearly indicate that Plaintiff's psychological problems improved with therapy and medication. (AR 237-249.) Nothing in those notes establish that he is disabled. Thus, there was no "opinion of disability" for the ALJ to reject and Plaintiff's argument that there was and that the ALJ ignored it is rejected.

C.     The Hypothetical Question to the Vocational Expert

Plaintiff argues that the ALJ's hypothetical question to the vocational expert "failed [to] incorporate any of the non-exertional limitations set forth by Dr. Tamoush," i.e., deficits in concentration, paranoid delusions, auditory and visual hallucinations, and poor insight and judgment.  Plaintiff also complains that the hypothetical ignored Dr. Tamoush's findings of anxiety and depression and her conclusion that Plaintiff was severely dysfunctional.  (Joint Stipulation at 9-10.)  The Court finds that the hypothetical question included all of Plaintiff's limitations.

"In order for the testimony of a [vocational expert] to be considered reliable, the hypothetical posed must include 'all of the claimant's functional limitations, both physical and mental' supported by the record."  *Thomas v. Barnhart*, 278 F.3d 947, 956 (9th Cir. 2002)(quoting *Flores v. Shalala*, 49 F.3d 562, 570-71 (9th Cir. 1995)). What Plaintiff complains of--paranoid delusions, hallucinations, anxiety--however, are not functional limitations; they are findings or symptoms.  While these can result in functional limitations (SSR 96-8p), there is nothing in Dr. Tamoush's report that indicates that they limited Plaintiff's ability to work.  Moreover, the record indicates that, after Plaintiff's evaluation by Dr. Tamoush, the symptoms subsided due to medication.  (AR 19, 237, 239, 241, 248.)  The last evaluations in the record, for example, revealed no hallucinations, no psychosis, and no thought disorders (AR 237, 239), and Plaintiff did not testify to any ongoing psychotic symptoms.  Therefore, the ALJ was not required to include them in his hypothetical.

As to Dr. Tamoush's findings of anxiety and depression, there is no dispute that Plaintiff suffers from these conditions, and,

7

accordingly, the ALJ found that these were severe impairments.  (AR 19.)  To the extent that some of the findings set forth by Dr. Tamoush, such as "deficits in concentration," might be considered a non-exertional limitation, they were adequately accounted for in the ALJ's residual functional capacity assessment.  *See Orteza v. Shalala*, 50 F.3d 748, 750 (9th Cir. 1995)(citing *Magallanes*, 881 F.2d at 750 (concluding that it is the ALJ's responsibility to interpret the evidence by determining credibility and resolving conflicts and ambiguities in the medical evidence)).  In so doing, the ALJ concluded that there were, in fact, significant non-exertional limitations.  In his hypothetical to the vocational expert, he included those limitations, i.e., low stress and simple, repetitive tasks with minimal exposure to other people.  (AR 20, 323-24.)  Plaintiff cites nothing in the record that would suggest that whatever delusions, hallucinations, deficits in concentration, anxiety, or depression that he might have suffered from was not adequately incorporated in this residual functional capacity assessment.  Nor does Plaintiff cite any authority for the proposition that the ALJ must list each finding, each diagnosis, or each symptom in the hypothetical for the hypothetical to be valid.  *See Howard v. Massanari*, 255 F.3d 577, 582 (8th Cir. 2001)(holding that hypothetical question not required to include specific diagnostic or symptomatic terms where other descriptive terms can adequately define impairments).  Accordingly, the ALJ did not fail to pose an adequate hypothetical to the vocational expert and Plaintiff's exception here is overruled.

IV.

CONCLUSION

For the reasons set forth above, this Court finds that the Agency's findings are supported by substantial evidence and are free from material legal error. Therefore, the Court affirms the decision of the Agency and enters summary judgment in favor of the Agency and against Plaintiff.

IT IS SO ORDERED.

DATED:    August  22  , 2006.


                                        /s/
                                    PATRICK J. WALSH
                                    UNITED STATES MAGISTRATE JUDGE

S:\PJW\Cases-Soc Sec\MORINGLANE\Memo Opinion_Ord.wpd